UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Norman Johnson** | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Stephen D. Perry** | : | |
| Defendant | : | OCTOBER 21, 2013 |

## PETITION FOR REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT.

The petitioner, Stephen D. Perry, respectfully petitions this Court as follows:

1. Stephen D. Perry is the named defendant in a civil action, brought in the Superior Court of the State of Connecticut, Judicial District of Middlesex in Middletown, bearing a return date of October 22, 2013.  A copy of the Complaint is attached.

2. The plaintiff, Norman Johnson, alleges that his constitutional rights were violated by the defendant.  In particular, the plaintiff claims violation of rights under the First and Fourteenth, Amendments to the United States Constitution.

3. The Summons and Complaint were served upon the defendant Stephen D. Perry on September 25, 2013.

4. The complaint invokes 42 U.S.C. §§ 1983 and 1988 in support of the federal constitutional claims.

5.      The petition is being filed pursuant to 28 U.S.C. §1446(b) within thirty (30) days of when the named defendant was served on September 25, 2013.  Hence the time for filing this petition has not expired.

6.      This action is removable pursuant to 28 U.S.C. § 1441 (a),(b), and (c) and §1443 since it involves a federal question arising under the laws of the United States and its Constitution.

7.      Pursuant to 28 U.S.C. § 1446(d), the petitioners has on this date notified the Superior Court of the State of Connecticut of the filing of this petition.  A copy of the Notice of Removal filed in the Superior Court is attached.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, the petitioner requests that this action be removed from the Superior Court of the State of Connecticut for the Judicial District of Middlesex and henceforth proceed in this Court.

> THE DEFENDANT,
> Stephen D. Perry
>
> BY/s/ Lori Mizerak, ct 26192
> Lori Mizerak
> Assistant Corporation Counsel
> 550 Main Street, Suite 210
> Hartford, CT 06103
> Federal Bar No. ct26192
> Telephone (860) 757-9700
> Facsimile (860) 722-8114
> Email : mizel001@hartford.gov

<u>CERTIFICATION</u>

  This is to certify that on October 21, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

John R. Williams
John R. Williams Associates, LLC
51 Elm St., Suite 409
New Haven, CT 06510

              <u>/s/ Lori Mizerak, ct 26192</u>
              Lori Mizerak

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| One Court Street, Middletown, CT 06457 | ( 860 ) 343-6400 | October 22, 2013 |

| ☒ Judicial District  ☐ Housing Session | G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)  Middletown | Case type code *(See list on page 2)*  Major: T   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| John R. Williams, 51 Elm Street, New Haven, CT 06510 | 067962 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 562-9931 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Johnson, Norman  Address: 65 York Road, Middletown, CT 06457 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Perry, Stephen D.  Address: c/o Capital Preparatory Magnet School, 1304 Main Street, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left  John R. Williams | Date signed  09/23/2013 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only

ATTEST:
A TRUE COPY
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250  Michael Fusco, 51 Elm Street, New Haven, CT 06510 | | | |
|---|---|---|---|
| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Date  09/23/2013 | Docket Number |

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN: OCTOBER 22, 2013 | : | SUPERIOR COURT |
| NORMAN JOHNSON | : | J. D. OF MIDDLESEX |
| VS. | : | AT MIDDLETOWN |
| STEPHEN D. PERRY | : | SEPTEMBER 23, 2013 |

## COMPLAINT

### COUNT ONE

1. The plaintiff is an adult citizen of the United States who resides in Middletown, Connecticut.

2. The defendant is the Principal of Capital Preparatory Magnet School, a public school in the City of Hartford, and at all times herein mentioned was acting in his said capacity. He is sued, however, only in his individual capacity.

3. At all times mentioned herein, the defendant was acting under color and pretense of law, to wit: under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut and the City of Hartford.

4. The plaintiff is the father of a daughter who was born in 1996. She enjoys playing basketball.

5. The defendant, having decided that he wanted the Capital Preparatory Magnet School to win a state girls' basketball championship, recruited the

1

plaintiff's daughter to play varsity basketball at the school. He did so knowing fully well that she was a good basketball player but not good enough to play at a varsity championship level. However, he needed an additional girl on the team to fill out its roster; otherwise the team would not have been able to compete for the championship he desired. As a result, the plaintiff's daughter was placed on the varsity team but rarely allowed to play.

6. The plaintiff's daughter decided that she preferred to play only Junior Varsity basketball, so she could have the opportunity actually to play the game. Her parents concurred in her decision.

7. The defendant, however, pressured the plaintiff's daughter to remain on the varsity team. He summoned her to a private meeting in his office where he cajoled and badgered her and, among other things, told her that she had better suit up and that he didn't want to hear any more about it. She reported this conversation to her parents, who encouraged her to stick with her own convictions and play only Junior Varsity if that was her wish.

8. The defendant then summoned the plaintiff and his wife to a meeting. At that meeting, the plaintiff and his wife asked the defendant to stop pressuring their daughter. The plaintiff told the defendant what his daughter had reported to him and asked him directly: "Did you or did you not say to [my daughter] that she had better suit up and you didn't want to hear any more about it?" The

2

defendant replied: "Your daughter is a liar and a manipulator."

9. At that point, the plaintiff raised his voice and told the defendant he was a liar.

10. In fact, the defendant was lying and the plaintiff's daughter was telling the truth.

11. In response, the defendant banned the plaintiff from all school events except commencement, a banishment never before imposed on any parent.

12. Since that time, the defendant has continued to harass the plaintiff by having him escorted from athletic events both at the school and elsewhere. After the plaintiff's daughter had graduated in June 2013, the plaintiff attended a basketball game at the Mohegan Sun at which the Capital Preparatory Magnet School team was playing. Observing him there, the defendant instructed police to forcibly remove the plaintiff from the premises.

13. As a result, the plaintiff has suffered embarrassment, inconvenience, a loss of personal liberty, and severe emotional distress.

14. In the manner described above, the defendant has deprived the plaintiff of his right of peaceful assembly, in violation of the First Amendment to the United States Constitution as enforced by Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE the plaintiff claims judgment for compensatory damages,

3

punitive damages, attorney fees and costs.

## COUNT TWO

1. The plaintiff is an adult citizen of the United States who resides in Middletown, Connecticut.

2. The defendant is the Principal of Capital Preparatory Magnet School, a public school in the City of Hartford, and at all times herein mentioned was acting in his said capacity. He is sued, however, only in his individual capacity.

3. At all times mentioned herein, the defendant was acting under color and pretense of law, to wit: under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut and the City of Hartford.

4. The plaintiff is the father of a daughter who was born in 1996. She enjoys playing basketball.

5. The defendant, having decided that he wanted the Capital Preparatory Magnet School to win a state girls' basketball championship, recruited the plaintiff's daughter to play varsity basketball at the school. He did so knowing fully well that she was a good basketball player but not good enough to play at a varsity championship level. However, he needed an additional girl on the team to fill out its roster; otherwise the team would not have been able to compete for

4

the championship he desired. As a result, the plaintiff's daughter was placed on the varsity team but rarely allowed to play.

6. The plaintiff's daughter decided that she preferred to play only Junior Varsity basketball, so she could have the opportunity actually to play the game. Her parents concurred in her decision.

7. The defendant, however, pressured the plaintiff's daughter to remain on the varsity team. He summoned her to a private meeting in his office where he cajoled and badgered her and, among other things, told her that she had better suit up and that he didn't want to hear any more about it. She reported this conversation to her parents, who encouraged her to stick with her own convictions and play only Junior Varsity if that was her wish.

8. The defendant then summoned the plaintiff and his wife to a meeting. At that meeting, the plaintiff and his wife asked the defendant to stop pressuring their daughter. The plaintiff told the defendant what his daughter had reported to him and asked him directly: "Did you or did you not say to [my daughter] that she had better suit up and you didn't want to hear any more about it?" The defendant replied: "Your daughter is a liar and a manipulator."

9. At that point, the plaintiff raised his voice and told the defendant he was a liar.

10. In fact, the defendant was lying and the plaintiff's daughter was telling

5

the truth.

11. In response, the defendant banned the plaintiff from all school events except commencement, a banishment never before imposed on any parent.

12. Since that time, the defendant has continued to harass the plaintiff by having him escorted from athletic events both at the school and elsewhere. After the plaintiff's daughter had graduated in June 2013, the plaintiff attended a basketball game at the Mohegan Sun at which the Capital Preparatory Magnet School team was playing. Observing him there, the defendant instructed police to forcibly remove the plaintiff from the premises.

13. As a result, the plaintiff has suffered embarrassment, inconvenience, a loss of personal liberty, and severe emotional distress.

14. In the manner described above, the defendant has deprived the plaintiff of his right to equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution as enforced by Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE the plaintiff claims judgment for compensatory damages, punitive damages, attorney fees and costs.

COUNT THREE

1. The plaintiff is an adult citizen of the United States who resides in

Middletown, Connecticut.

2. The defendant is the Principal of Capital Preparatory Magnet School, a public school in the City of Hartford, and at all times herein mentioned was acting in his said capacity. He is sued, however, only in his individual capacity.

3. At all times mentioned herein, the defendant was acting under color and pretense of law, to wit: under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut and the City of Hartford.

4. The plaintiff is the father of a daughter who was born in 1996. She enjoys playing basketball.

5. The defendant, having decided that he wanted the Capital Preparatory Magnet School to win a state girls' basketball championship, recruited the plaintiff's daughter to play varsity basketball at the school. He did so knowing fully well that she was a good basketball player but not good enough to play at a varsity championship level. However, he needed an additional girl on the team to fill out its roster; otherwise the team would not have been able to compete for the championship he desired. As a result, the plaintiff's daughter was placed on the varsity team but rarely allowed to play.

6. The plaintiff's daughter decided that she preferred to play only Junior Varsity basketball, so she could have the opportunity actually to play the game.

7

Her parents concurred in her decision.

7. The defendant, however, pressured the plaintiff's daughter to remain on the varsity team. He summoned her to a private meeting in his office where he cajoled and badgered her and, among other things, told her that she had better suit up and that he didn't want to hear any more about it. She reported this conversation to her parents, who encouraged her to stick with her own convictions and play only Junior Varsity if that was her wish.

8. The defendant then summoned the plaintiff and his wife to a meeting. At that meeting, the plaintiff and his wife asked the defendant to stop pressuring their daughter. The plaintiff told the defendant what his daughter had reported to him and asked him directly: "Did you or did you not say to [my daughter] that she had better suit up and you didn't want to hear any more about it?" The defendant replied: "Your daughter is a liar and a manipulator."

9. At that point, the plaintiff raised his voice and told the defendant he was a liar.

10. In fact, the defendant was lying and the plaintiff's daughter was telling the truth.

11. In response, the defendant banned the plaintiff from all school events except commencement, a banishment never before imposed on any parent.

12. Since that time, the defendant has continued to harass the plaintiff by

8

having him escorted from athletic events both at the school and elsewhere. After the plaintiff's daughter had graduated in June 2013, the plaintiff attended a basketball game at the Mohegan Sun at which the Capital Preparatory Magnet School team was playing. Observing him there, the defendant instructed police to forcibly remove the plaintiff from the premises.

13. As a result, the plaintiff has suffered embarrassment, inconvenience, a loss of personal liberty, and severe emotional distress.

14. In the manner described above, the defendant has deprived the plaintiff of his liberty without due process of law, in violation of the Fourteenth Amendment to the United States Constitution as enforced by Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE the plaintiff claims judgment for compensatory damages, punitive damages, attorney fees and costs.

COUNT FOUR

1. The plaintiff is an adult citizen of the United States who resides in Middletown, Connecticut.

2. The defendant is the Principal of Capital Preparatory Magnet School, a public school in the City of Hartford, and at all times herein mentioned was acting in his said capacity. He is sued, however, only in his individual capacity.

9

3. The plaintiff is the father of a daughter who was born in 1996. She enjoys playing basketball.

4. The defendant, having decided that he wanted the Capital Preparatory Magnet School to win a state girls' basketball championship, recruited the plaintiff's daughter to play varsity basketball at the school. He did so knowing fully well that she was a good basketball player but not good enough to play at a varsity championship level. However, he needed an additional girl on the team to fill out its roster; otherwise the team would not have been able to compete for the championship he desired. As a result, the plaintiff's daughter was placed on the varsity team but rarely allowed to play.

5. The plaintiff's daughter decided that she preferred to play only Junior Varsity basketball, so she could have the opportunity actually to play the game. Her parents concurred in her decision.

6. The defendant, however, pressured the plaintiff's daughter to remain on the varsity team. He summoned her to a private meeting in his office where he cajoled and badgered her and, among other things, told her that she had better suit up and that he didn't want to hear any more about it. She reported this conversation to her parents, who encouraged her to stick with her own convictions and play only Junior Varsity if that was her wish.

7. The defendant then summoned the plaintiff and his wife to a meeting.

10

At that meeting, the plaintiff and his wife asked the defendant to stop pressuring their daughter. The plaintiff told the defendant what his daughter had reported to him and asked him directly: "Did you or did you not say to [my daughter] that she had better suit up and you didn't want to hear any more about it?" The defendant replied: "Your daughter is a liar and a manipulator."

8. At that point, the plaintiff raised his voice and told the defendant he was a liar.

9. In fact, the defendant was lying and the plaintiff's daughter was telling the truth.

10. In response, the defendant banned the plaintiff from all school events except commencement, a banishment never before imposed on any parent.

11. Since that time, the defendant has continued to harass the plaintiff by having him escorted from athletic events both at the school and elsewhere. After the plaintiff's daughter had graduated in June 2013, the plaintiff attended a basketball game at the Mohegan Sun at which the Capital Preparatory Magnet School team was playing. Observing him there, the defendant instructed police to forcibly remove the plaintiff from the premises.

12. As a result, the plaintiff has suffered embarrassment, inconvenience, a loss of personal liberty, and severe emotional distress.

13. The conduct of the defendant described above was extreme and

11

outrageous and was carried out for the specific purpose of inflicting emotional distress upon the plaintiff.

WHEREFORE the plaintiff claims judgment for compensatory damages, punitive damages and costs for the intentional infliction of emotional distress.

THE PLAINTIFF

BY *[signature]*
JOHN R. WILLIAMS (#67962)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494
jrw@johnrwilliams.com
His Attorney

ATTEST:
A TRUE COPY
*[signature]*
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

| | | |
|---|---|---|
| RETURN: OCTOBER 22, 2013 | : | SUPERIOR COURT |
| NORMAN JOHNSON | : | J. D. OF MIDDLESEX |
| VS. | : | AT MIDDLETOWN |
| STEPHEN D. PERRY | : | SEPTEMBER 23, 2013 |

## PRAYER FOR RELIEF

The plaintiff claims judgment in an amount greater than fifteen thousand dollars ($15,000.00), exclusive of interest and costs.

THE PLAINTIFF

BY: *(signature)*
JOHN R. WILLIAMS (#67962)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494
jrw@johnrwilliams.com
His Attorney

ATTEST:
A TRUE COPY
*(signature)*
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

13

| | | |
|---|---|---|
| **DOCKET NO.: MMX-CV-13-6010565-S** | : | **SUPERIOR COURT** |
| **NORMAN JOHNSON** | : | **J.D. OF MIDDLESEX** |
| **VS.** | : | **AT MIDDLETOWN** |
| **STEPHEN D. PERRY** | : | **OCTOBER 21, 2013** |

<u>**NOTICE OF FILING OF PETITION FOR REMOVAL**</u>

  The defendant, Stephen D. Perry, through his attorney, hereby certifies that he has filed a Petition for Removal of the above-captioned action to the United States District Court for the District of Connecticut on October 21, 2013. A copy of said petition is attached hereto.

                  THE DEFENDANT:
                  Stephen D. Perry

                  BY<u>/s/ Lori Mizerak, Ind. Juris.421463</u>
                  Lori Mizerak
                  Assistant Corporation Counsel
                  550 Main Street, Suite 210
                  Hartford, CT 06103
                  Office Juris No. 026795
                  Telephone (860) 757-9700
                  Facsimile (860) 722-8114
                  Email <u>mizel001@hartford.gov</u>

2

## CERTIFICATION

       This is to certify that on October 21, 2013, a copy of the foregoing was mailed, postage prepaid, to counsel of record, as follows:

John R. Williams
John R. Williams Associates, LLC
51 Elm St., Suite 409
New Haven, CT 06510

                                      /s/ Lori Mizerak
                                      Lori Mizerak