UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORMAN JOHNSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:13-cv-01531-WWE |
| : | |
| STEPHEN D. PERRY, : | |
|     Defendant. : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

This is an action by a father of a former student against a high school principal stemming from the father's banishment from school sponsored events. Plaintiff alleges violation of his First Amendment right of peaceful assembly (Count I), his Fourteenth Amendment right to equal protection (Count II), and his Fourteenth Amendment right to due process (Count III), along with a state law claim for intentional infliction of emotional distress (Count IV).

Defendant has moved to dismiss all four counts for failure to state a claim. For the following reasons, defendant's motion will be granted in part and denied in part.

**BACKGROUND**

In reviewing a motion to dismiss, the Court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff.

Plaintiff is the father of a female student who attended Capital Preparatory Magnet School in Hartford, Connecticut, where she was recruited to play varsity basketball. Defendant is the principal of the school.

Defendant recruited plaintiff's daughter knowing that she was not talented enough to play championship level varsity basketball. However, defendant needed an additional player to fill out the team's roster. As a result, plaintiff's daughter was placed on the varsity team but was

rarely allowed to play.

Plaintiff's daughter decided that she preferred to play only junior varsity basketball so that she could have the opportunity to actually play in games. Her parents supported her decision.

Defendant pressured plaintiff's daughter to remain on the varsity team. He summoned her to a private meeting in his office where he cajoled and badgered her. Specifically, defendant told plaintiff's daughter that she better suit up and that he didn't want to hear any more about it. She reported this conversation to her parents, who encouraged her to stick with her own convictions and play only junior varsity if that was her wish.

Defendant summoned plaintiff and his wife to a meeting. There, plaintiff and his wife asked defendant to stop pressuring their daughter. Plaintiff asked defendant whether it was true that defendant had told her that she better suit up and that he didn't want to hear any more about it. Defendant replied: "Your daughter is a liar and a manipulator." In response, plaintiff raised his voice and told defendant that he was a liar.

In response, defendant banned plaintiff from all school events except commencement, a banishment never before imposed on any parent. Defendant has continued to harass plaintiff by having him escorted from athletic events both at the school and elsewhere. After plaintiff's daughter graduated in June 2013, plaintiff attended a basketball game at Mohegan Sun, where Capital Preparatory Magnet School was playing. Observing him there, defendant instructed police to forcibly remove plaintiff from the premises.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Peaceful Assembly**

Defendant argues that plaintiff has no First Amendment right to attend school events.

A school is generally considered a nonpublic forum, as it is a property that is not traditionally open to the public for communication. DeFabio v. E. Hampton Untion Free Sch. Dist., 658 F. Supp. 2d 461, 473 (E.D.N.Y. 2009). "[T]he government enjoys greater latitude in restricting speech in a nonpublic forum and may limit access or content based on subject matter and speaker identity so long as the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral." Byrne v. Rutledge, 623 F.3d 46, 54 (2d Cir. 2010). However, "there is no categorical rule that the interests of a school in safety and order always outweigh constitutional rights." Cyr v. Addison Rutland Supervisory Union, 955 F. Supp. 2d 290, 294 (D. Vt. 2013). While "[i]t is clear a public school has a compelling interest in

3

maintaining order and ensuring safety on its grounds . . . [and that this interest] may justify constitutional infringements, including restrictions on the First Amendment rights of parents and other members of the public," such restrictions must be reasonable. Id.

Defendant contends that plaintiff's complaint fails to plausibly allege that his restricted access to school events was not reasonable or viewpoint neutral. The Court disagrees.

Drawing all reasonable inferences in favor of plaintiff, the Court finds that plaintiff's complaint clearly alleges, even if implicitly, that defendant's actions in barring him from school events were not reasonable or viewpoint neutral. Plaintiff's First Amendment claim will not be dismissed.

**Equal Protection**

Defendant argues that plaintiff has failed to allege that he was treated differently than other similarly situated individuals when he was excluded from various school activities.

The Second Circuit has held that:

> [C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves. . . . This is because the existence of persons in similar circumstances who received more favorable treatment than the plaintiff in a class-of-one case is offered to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain. Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

Plaintiff failed to include any allegations as to comparators. Accordingly, plaintiff's

4

equal protection claim will be dismissed without prejudice.  Plaintiff may amend his complaint to add allegations that he was treated differently from persons with a high degree of similarity of circumstances.

**Due Process**

Defendant argues that plaintiff has no liberty interest in attending school events and that he has failed to identify what process he was denied.

Plaintiff responds that deprivation of reputation, if accompanied by a more tangible deprivation (the so-called "stigma-plus" standard), constitutes deprivation of liberty, requiring a pre-deprivation hearing.  See Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004).  Indeed, if state action is both defamatory and alters or extinguishes a right or status previously recognized by state law, the procedural guarantees of due process are invoked.  Paul v. Davis, 424 U.S. 693, 711 (1976).

Here, however, plaintiff has not adequately alleged that his ability to attend school events has been recognized and protected by state law.  See id. at 710.  Where a plaintiff "cannot assert denial of any right vouchsafed to him by the State and thereby protected under the Fourteenth Amendment," he has not been deprived of a liberty interest protected by the Due Process Clause.  Id. at 712.  Accordingly, plaintiff's due process claim will be dismissed without prejudice.  Plaintiff may amend his complaint to add allegations that attendance of school events is a right protected by law and to identify what process he was denied.

**Intentional Infliction of Emotional Distress**

Plaintiff's final claim is for intentional infliction of emotional distress.  In Petyan v. Ellis, the Connecticut Supreme Court outlined the elements of such a claim:

5

> It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

200 Conn. 243, 253 (1986).

Defendant argues that plaintiff's claim for intentional infliction of emotional distress should fail because defendant's conduct, as alleged, is not extreme and outrageous. The Restatement (Second) of Torts describes such conduct:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

Restatement (Second) of Torts § 46 comment d (1965).

Here, whether plaintiff's banishment and forcible removal from his daughter's school functions was sufficiently extreme so as to be intolerable depends on the underlying facts. For example, plaintiff's primary behavior and defendant's motives and reasoning behind plaintiff's banishment are vital in determining whether defendant's actions were outrageous. Depending on these and other facts, reasonable people may disagree about the egregiousness of defendant's alleged conduct. "Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." Restatement (Second), Torts § 46, comment h. At this stage of the litigation, defendant's motion to dismiss plaintiff's intentional infliction of emotional distress claim will be denied.

## **CONCLUSION**

Defendant's motion to dismiss [Doc. # 10] is GRANTED in part and DENIED in part. Plaintiff's equal protection and due process claims are dismissed without prejudice to replead within 14 days. Plaintiff's peaceful assembly and intentional infliction of emotional distress claims remain.

Dated this 24th day of September, 2014, at Bridgeport, Connecticut.


    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE