UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Norman Johnson** : | CIVIL ACTION NO. |
| : | 3:13cv-01531 WWE |
| Plaintiff : | |
| vs. : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| **Stephen D. Perry** : | |
| Defendant : | **OCTOBER 22, 2014** |
| : | |

## ANSWER TO COMPLAINT

The defendant, Stephen D. Perry, answers the counts of plaintiff's September 23, 2013 Complaint remaining (Count One and Count Four) after the Court's September 25, 2014 Order on the defendant's Motion to Dismiss, as follows:

<u>COUNT ONE</u>

1. As to the allegations of paragraph 1, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof.

2. The allegations of paragraph 2 are admitted.

3. As to the allegations of paragraph 3, the defendant asserts that they are legal conclusions to which no responsive pleading is required.

4. As to the allegations of paragraph 4, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof.

5. As to the allegations of paragraph 5, the defendant admits that the plaintiff's daughter was placed on the varsity basketball team. As to the remaining allegations, they are denied.

6. As to the allegations of paragraph 6, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof.

7. As to the allegations of paragraph 7, the defendant admits that he met with plaintiff's daughter. As to the remaining allegations, they are denied.

8. As to the allegations of paragraph 8, the defendant admits that he met with plaintiff and his wife. As to the remaining allegations, they are denied.

9. The allegations of paragraph 9 are admitted.

10. The allegations of paragraph 10 are denied.

11. As to the allegations of paragraph 11, the defendant admits that plaintiff was not permitted to attend school events, except for commencement. As to the remaining allegations, plaintiff is left to his proof.

12. As to the allegations of paragraph 12, it is admitted that plaintiff was asked to leave the premises at Mohegan Sun. As to the remaining allegations, they are denied.

13. As to the allegations of paragraph 13, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof, but defendant denies that he was the cause of plaintiff's alleged injuries and damages.

14. The allegations of paragraph 14 are denied.

The defendant denies plaintiff's prayer for relief in Count One.

COUNT FOUR

1. As to the allegations of paragraph 1, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof.
2. The allegations of paragraph 2 are admitted.
3. As to the allegations of paragraph 3, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof.
4. As to the allegations of paragraph 4, the defendant admits that the plaintiff's daughter was placed on the varsity basketball team. As to the remaining allegations, they are denied.
5. As to the allegations of paragraph 5, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof.
6. As to the allegations of paragraph 6, the defendant admits that he met with plaintiff's daughter. As to the remaining allegations, they are denied.
7. As to the allegations of paragraph 7, the defendant admits that he met with plaintiff and his wife. As to the remaining allegations, they are denied.

8. The allegations of paragraph 8 are admitted.

9. The allegations of paragraph 9 are denied.

10. As to the allegations of paragraph 10, the defendant admits that plaintiff was not permitted to attend school events, except for commencement. As to the remaining allegations, plaintiff is left to his proof.

11. As to the allegations of paragraph 11, it is admitted that plaintiff was asked to leave the premises at Mohegan Sun. As to the remaining allegations, they are denied.

12. As to the allegations of paragraph 12, the defendant has insufficient knowledge and/or information upon which to form a belief and therefore leaves plaintiff to his proof, but defendant denies that he was the cause of plaintiff's alleged injuries and damages.

13. The allegations of paragraph 13 are denied.

The defendant denies plaintiff's prayer for relief in Count Four.

## PRAYER FOR RELIEF

The Defendant denies each and every claim for relief alleged by the Plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred by the doctrine of Governmental Immunity, pursuant to both common law and Conn. Gen. Stat. § 52-557n, and/or the doctrine of qualified immunity.

**Third Affirmative Defense**

To the extent that it is determined that Plaintiff has suffered any damages, said damages are barred or reduced by his failure to mitigate those damages.

**JURY DEMAND**

The Defendant demands Trial by Jury.

                DEFENDANT,
                STEPHEN D. PERRY
      By    /s/ Lori Mizerak
                Lori Mizerak
                Assistant Corporation Counsel
                His Attorney
                550 Main Street
                Hartford, CT 06103
                Federal Bar No. ct26192
                Telephone (860) 757-9700
                Facsimile (860) 722-8114
                Email: mizel001@hartford.gov

## **CERTIFICATION**

      This is to certify that on October 22, 2014, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Lori Mizerak
                                        Lori Mizerak