**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Norman Johnson** | : | **CIVIL ACTION NO. 3:13cv-01531 WWE** |
| Plaintiff | : | |
| vs. | : | |
| **Stephen D. Perry** | : | **APRIL 1, 2015** |
| Defendant | : | |

**DEFENDANT STEPHEN D. PERRY'S LOCAL RULE 56(a)(1) STATEMENT**

Pursuant to Local Rule 56(a)(1), the defendant Stephen D. Perry respectfully submits its Local Rule 56(a)(1) Statement, as follows:

1. The plaintiff has brought the present action against the defendant Stephen D. Perry ("Stephen Perry", "Mr. Perry", or "Dr. Perry"). (See Complaint, attached hereto as Exhibit A).

2. The defendant Stephen Perry is sued in his individual capacity only. (Exh. A, Count One, Par. 2).

3. The defendant Stephen Perry was the principal of Capital Preparatory School ("Capital Prep") at all times relevant to the Complaint and is currently the principal. (Exhibit B, Affidavit of Mr. Perry, Par. 3; Exh. A, Count One, Par.2).

4. Mr. Perry is an employee of the Hartford Board of Education. (Exhibit B, Affidavit of Mr. Perry, Par. 4).

5. The plaintiff alleges in the complaint that the defendant Stephen Perry deprived him of his right to peaceful assembly in violation of the First Amendment when he banned the plaintiff from all school events except commencement. (Exh. A, Count One, Par. 14).[1]

6. In Count Four of the complaint, the plaintiff alleges that the conduct of Mr. Perry in banning him from school events except commencement was extreme and outrageous and was carried out for the specific purpose of inflicting emotional distress on the plaintiff. (Exh. A, Count Four, Par. 13).

7. Some of the defendant's responsibilities as principal include, but are not limited to, making decisions on student instruction and curriculum, supervising staff, preparing the school budget, making decisions regarding student discipline, and possessing general supervisory authority over the school to ensure the safety of staff and students. (Exh. B, Par. 5).

8. On or about February 7, 2013, Mr. Perry met with the plaintiff, his wife and his daughter, Johnson, at Capital Prep, in a conference room; Millie Arcinegas, President of the Hartford Parent Teacher Organization, was also present at the meeting (Exh. B, Par. 7; Deposition of Mr. Johnson, February 13, 2015, pg. 34, attached as Exhibit C).[2]

[1] As applicable to paragraphs 5 and 6 of this Rule 56(a)(1) Statement, while the defendant does not concede that the allegations in the complaint constitute undisputed facts, it is undisputed what the plaintiff alleges in the complaint and thus what is admitted to by the plaintiff. Further, even accepting the majority of the allegations in the complaint as true, for purposes of the defendant's motion for summary judgment only, the defendant Perry is entitled to judgment as a matter of law as detailed in defendant's memorandum of law in support of summary judgment.

[2] The plaintiff's daughter's name has been redacted throughout this document, as well as throughout the various documents submitted in support of the summary judgment motion.

9. At this meeting, it was discussed that Mr. Johnson's daughter, Johnson, would not be playing varsity basketball anymore. (Exh. B, Par. 8; Exh. C, pg. 79).

10. Prior to the February 7, 2013 meeting, Mr. Fulton, Capital Prep Dean of Students/Athletic Director, Mr. Perry and Mr. Johnson's daughter, , met to discuss 's desire to quit the varsity basketball team, with just a few weeks of the season left, because she felt she was not getting enough play time. (Exh. B, Par. 9; Exh. C, pgs. 30-31).

11. During this prior meeting, Mr. Perry encouraged Mr. Johnson's daughter to consider staying on the varsity team and tried to reinforce to her that she could learn and gain a lot from being part of a team; for example, if she quit, she would miss out on senior night and whatever benefits she could reap if the team won the state championship. (Exh. B, Par. 10).

12. High school students at Capital Preparatory School are required to take/participate in two sports. (Exh. B, Par. 11).

13. Mr. Johnson's daughter was not on the varsity basketball team when the team won the state championship in March 2013. (Exh. B, Par. 12; Exh. C, pgs. 20, 77-78).

14. Mr. Johnson's daughter, who was a senior in high school at the time, decided to quit the varsity basketball team sometime in late January 2013 or early February 2013. (Exh. B, Par. 13; Exh. C, pgs. 28-29).

15. Stephen Perry did not meet Mr. Johnson's daughter, nor did he know her, prior to her joining the student body of Capital Prep. (Exh. B, Par. 14; Exh. C, pg. 18).

16. Prior to Mr. Johnson's daughter joining the school in her freshman or sophomore year of high school, Mrs. Johnson met with Mr. Perry about becoming a student at Capital Preparatory School; at that meeting, the only thing that was mentioned by Mrs. Johnson about basketball was that played. (Exh. C, pgs. 16-17; Exh. B, Par. 14).

17. During the February 7, 2013 meeting, Mr. Johnson yelled and cursed at Mr. Perry, telling Mr. Perry that his daughter would not be playing varsity basketball and that he (Mr. Perry) was full of shit; slammed his hands on the conference table; and called Mr. Perry a liar and manipulator. (Exh. B, Par. 16; Exh. C, pgs. 39-41, 73).

18. Prior to this meeting, Mr. Johnson had, numerous times, approached and confronted Ms. Millsaps, the varsity basketball coach, at basketball games and in front of other parents, student, and spectators, stating that his daughter should play more. (Exh. B, Par. 17; Exh. C, pgs. 22-23).

19. Mr. Johnson also had a confrontation and argument with a parent after a basketball game about his belief that his daughter should get to play more; Mrs. Johnson described that things got heated between Mr. Johnson and the parent at the basketball game which took place at Capital Prep School. (Exh. B, Par. 19; Exh. C, pgs. 37-38; email produced in Oct. 27, 2014 discovery responses, bate stamped pg. 015, attached as Exhibit D).

20. Mr. Perry was aware of these incidences (Exh. B, Par. 17, 19).

21. Mr. Johnson was trespassed on or about February 10, 2013 from all Capital Prep events, except for commencement. (Exh. B, Par. 22; Exh. C, pg. 42; Exh. D, pg. 024).

22. In light of the plaintiff's conduct, Mr. Perry made a decision to trespass Mr. Johnson for the safety of Capital Prep students, staff and other parents, stating specifically in the email to Mr. Johnson informing him of the trespass, "Your verbal altercations, physical intimidation and direct threats to staff have created an unsafe environment for staff, students and other parents and will no longer be tolerated." (Exh. D, pg. 024; Exh. B, Par. 22, 23).

23. The state championship game at Mohegan Sun occurred in March 2013 and Mr. Johnson's daughter graduated later that year in June 2013 – so the game did not take place after his daughter graduated, in contrast to what plaintiff alleges in his complaint. (Exh. B, Par. 24; Exh. C, pg. 54; Exh. A, Count One, Par. 12).

24. After the trespass was put into place, but before his daughter graduated, Mr. Johnson came to a basketball game at Capital Prep; Mr. Johnson did not leave after the security personnel at the school asked him to and only left after Mr. Perry told him to leave. (Exh. B, Par. 25; Exh. C, pgs. 48-49).

25. At no point after being trespassed did Mr. Johnson receive a letter or email or any other documentation from Mr. Perry or any other employee of the

Hartford Board of Education indicating that the trespass was lifted and not in effect. (Exh. C, pgs. 51-52).

26. The trespass did not include school board meetings or events at schools or Board of Education property other than Capital Prep School. (Exh. B, Par. 28; Exh. C, pg. 42, 53).

27. Mr. Johnson came to the Capital Prep Class of 2013 graduation and fully participated. (Exh. B, Par. 29; Exh. C, pg. 42).

28. The trespass is not presently in place and Mr. Perry had an expectation and belief that once Mr. Johnson's daughter graduated, he (Mr. Johnson) would likely not be attending Capital Prep events. (Exh. B, Par. 21, 30, 31; Exh. C, pg. 64).

29. Since Mr. Johnson's daughter graduated, he has attended one or more Capital Prep events, has had no issues in attending, and was not asked to leave said event(s). (Exh. C, pg. 64; Exh. B, Par. 30, 31).

30. Other than some sporting events, such as the basketball championship game at Mohegan Sun, Capital Prep events typically take place on school grounds. (Exh. B, Par. 27).

31. In the Complaint, plaintiff alleges that in a meeting with Mr. Perry, he asked him directly "Did you or did you not say to my daughter that she had better suit up and you didn't want to hear more about it?"; that the defendant replied "Your daughter is a liar and manipulator."; that the plaintiff then told the defendant he was a liar; that the defendant was

lying; and in response, the defendant banned the plaintiff from school events.[3] (Exh. A, Count One, Par. 8-11).

32. As of February 13 2015, the date of Mr. Johnson's deposition, Mr. Johnson indicated that he did not know why he was trespassed from Capital Prep events. (Exh. C, pg. 79).

33. Mr. Johnson points only to the email that he received from Mr. Perry advising that he was trespassed from Capital Prep events as evidence that he was trespassed because he caught Mr. Perry lying about whether he told his (Mr. Johnson's) daughter to suit up and told him so at the February 7, 2013 meeting; this email says nothing about Mr. Perry or anyone else lying and states, "Your verbal altercations, physical intimidation and direct threats to staff have created an unsafe environment for staff, students and other parents and will no longer be tolerated." (Exh. C, pg. 81-82; Exh. D, pg. 024).

34. In plaintiff's February 22, 2014 memorandum in opposition to the defendant's motion to dismiss, it is stated, "Here, the defendant barred the plaintiff from public athletic events because the plaintiff had caught him lying about his daughter and told him so."[4] (See pg. 6 of plaintiff's February 22, 2014 memorandum, Document 11 on the ECF court docket page for this case, attached hereto as Exhibit E).

---

[3] While the defendant does not concede that the allegations in the complaint constitute undisputed facts, it is undisputed what the plaintiff alleges in the complaint and thus what is admitted to by the plaintiff.

[4] While not accepting this as the reason plaintiff was trespassed, it is undisputed what is stated/argued in plaintiff's memorandum of law.

35. Mr. Johnson has indicated that as a result of Mr. Perry's actions in imposing the ban, he suffered embarrassment, and harassment, caused to him and his family, was not allowed to support his daughter in any of her endeavors, and "the slander of labeling him like he was some type of terrorist" – although he didn't know if that was "in his file".[5] (Exh. C, pg. 62 ).

36. Mr. Johnson has further indicated that the harassment he experienced was that he could not attend two Capital Prep events after the trespass was put into place – a basketball game at Capital Prep and the state championship basketball game held at Mohegan Sun Casino. (Exh. C, pg. 59).

37. Mr. Johnson has not brought a count of libel or slander in his Complaint. (Exh. A).

38. Mr. Johnson sought no treatment for any of the feelings of embarrassment or other feelings he was having as a result of the incidents alleged in the complaint. (Exh. C, pg. 63).

39. Although nowhere alleged in the complaint, plaintiff claims in his October 27, 2014 discovery responses that Dr. Perry would not shake his daughter's hand at the beginning of the school day and at graduation, and told her, after Senior Night, that she pulled a stunt at that event.[6] (Exh. D, bate-stamped pg. 007).

---

[5] As applicable to paragraphs 35 and 36 of this Rule 56(a)(1) Statement, it is undisputed what plaintiff testified to at his deposition. Further, assuming the truth of Mr. Johnson's claims as far as the harassment and embarrassment he suffered as a result of the trespass, for purposes of this motion only, Mr. Perry is entitled to judgment as a matter of law on the intentional infliction of emotional distress ("IIED") claim.

[6] Although defendant does not admit that these events occurred, it is undisputed what plaintiff claims in his discovery responses. Further, assuming that Mr. Perry did act as stated in this paragraph, for purposes of this motion only, Mr. Perry is entitled to judgment as a matter of law.

40. Mr. Johnson claims that the defendant pressured his daughter to stay on the basketball team; plaintiff also alleges in the Complaint that the defendant Mr. Perry pressured his (plaintiff's) daughter to remain on the varsity team.[7] (Exh. C, pg. 35; Exh. A, Count Four, Par. 6).

41. With respect to this alleged pressuring, Mr. Johnson admits that although he claims that there were numerous meetings with his daughter about her playing on the varsity team, Mr. Perry only participated in one of those meetings. Mr. Johnson further admits that he did not attend any of those prior meetings, and that he never told Mr. Perry, prior to the February 7, 2013 meeting, that his daughter would not be playing on the varsity team. (Exh. C, pgs. 78-79).

42. Mr. Johnson claims that Mr. Perry, Mr. Johnson and Coach Millsaps would single his daughter out for every little thing. For example, he claims that when his daughter would enter the school building in the morning, she would get the cold shoulder.[8] (Exh. C, pg. 33).

THE DEFENDANT,
Stephen D. Perry

BY/s/ Lori Mizerak, ct 26192
Lori Mizerak
Assistant Corporation Counsel
550 Main Street, Suite 210
Hartford, CT 06103

---

[7] Although the defendant does not admit that these events occurred, it is undisputed what plaintiff testified to at his deposition, as well as what is alleged in the complaint and thus what is admitted to by the plaintiff. Further, even assuming defendant did so pressure plaintiff's daughter, for purposes of this motion only, Mr. Perry is entitled to judgment as a matter of law on the IIED claim.

[8] Although defendant does not accept that these events occurred, it is undisputed what plaintiff testified to at his deposition. Further, even assuming as true that plaintiff's daughter was given the cold shoulder, for purposes of this motion only, Mr. Perry is entitled to judgment as a matter of law on the IIED claim.

Federal Bar No. ct26192
Telephone (860) 757-9700
Facsimile (860) 722-8114
Email: mizel001@hartford.gov

## CERTIFICATION

This is to certify that on April 1, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

John R. Williams, Esq.
John R. Williams Associates, LLC
51 Elm St., Suite 409
New Haven, CT 06510

/s/ Lori Mizerak, ct 26192
Lori Mizerak