UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NORMAN JOHNSON                        :

VS.                                   :        NO. 3:13cv1531(WWE)

STEPHEN D. PERRY                      :        SEPTEMBER 9, 2017

### PLAINTIFF'S TRIAL MEMORANDUM

**(1)   TRIAL COUNSEL**

    John R. Williams
    Joseph M. Merly
    Rose Longo McLean
    John R. Williams and Associates, LLC
    51 Elm Street
    New Haven, CT 06510
    T: 203-562-9931
    F: 203-776-9494
    jrw@johnrwilliams.com

**(2)   JURISDICTION**

This action was filed originally in the Connecticut Superior Court and was removed to this court by the defendant. The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

1

**(3) JURY-NONJURY**

This is a jury case.

**(4) NATURE OF THE CASE**

The defendant was the principal of a public high school in Hartford. The plaintiff is the father of a student there. The defendant, following a meeting at which the plaintiff exposed him as a liar, banned the plaintiff from all events at the school and outside of the school. Following an interlocutory appeal, decided at 859 F.3d 156 (2nd Cir. 2017), the issues to be tried in this case are the following:

    1. Whether the defendant banned the plaintiff from attending athletic events at the school, in violation of the plaintiff's First Amendment right of peaceful assembly.

    2. Whether the defendant's actions were extreme and outrageous, inflicting severe emotional distress upon the plaintiff, and thus constituted the state tort of intentional infliction of emotional distress.

    3. Whether the defendant's actions deprived the plaintiff, without due process of law, of his liberty interest in participating in the care and education of his child.

    4. Whether the defendant caused the plaintiff to be forcibly removed from

a basketball game at the Mohegan Sun, in violation of the plaintiff's First Amendment right of peaceful assembly.

**(5) VOIR DIRE QUESTIONS**

1. This is a lawsuit for civil rights violations brought by a citizen against a former principal of a public high school in Hartford. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against public school officials? If so, please explain.

4. Have you or anyone close to you ever been employed in a public school in any capacity? If so, please explain.

5. Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Has anyone here ever served as an appointed or elected official of

state, city or local Government?

8.  Has anyone here or any close to you ever been employed by an attorney?

9.  Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

10.  Other things being equal, would you tend to trust or believe the testimony of a public official more or less than that of an ordinary citizen merely because the testimony came from a public official?

11.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

12.  Where are you employed?

13.  Is any member of your family or your household connected in any way with any public school or other educational institution or is he or she employed by any municipality?

**(6)   LIST OF WITNESSES**

Norman Johnson, plaintiff, 65 York Road, Middletown, CT, will testify concerning all of the allegations in his complaint.

Bonnie Johnson, 65 York Road, Middletown, CT, will testify concerning all of the allegations in the complaint.

Ryan Johnson, 65 York Road, Middletown, CT, will testify concerning the Mohegan Sun incident.

Leah Johnson, 65 York Road, Middletown, CT, will testify concerning the Mohegan Sun incident and the plaintiff's damages.

Jayden Johnson, Palm Bay, Florida, will testify concerning all the allegations in the complaint.

**(7)    EXHIBITS**

    1    Email from plaintiff to defendant dated February 6, 2013

    2    Recording of meeting between defendant and plaintiff's child.

    3    Email from defendant to plaintiff dated February 10, 2013

**(8)    REQUESTS FOR JURY INSTRUCTIONS**

1. The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution and Connecticut law.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, the principal of a public high school.  In this case, the plaintiff has met his burden of proving that the defendant acted

5

under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2nd Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

    2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his constitutional rights in order to find in favor of the plaintiff.  The plaintiff is entitled to win this lawsuit if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2nd Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3.  Parents have a right to be involved in the education and in making educational decisions regarding their children without undue state interference. [[Stanley v. Illinois, 405 U.S. 645, 651 (1972); May v. Anderson, 345 U.S. 528, 533 (1953); Skinner v. Oklahoma, 316 U.S. 535, 541 (1942); Meyer v. Nebraska,

6

262 U.S. 390, 399 (1923); Moore v. City of East Cleveland, 431 U.S. 494, 499 (1976); Prince v. Massachusetts, 321 U.S. 158, 166 (1944); Joyner v. Dumpson, 712 F.2d 770, 777-78 (2d Cir. 1983); Rivera v. Mareus, 696 F.2d 1016 (2d Cir. 1982); Brantley v. Surles, 718 F.2d 1354, 1358 (5th Cir. 1983); Barrow v. Greenville Independent School Dist., 332 F.3d 844, 847-48 (5th Cir. 2003).]

 4. The Due Process Clause of the Fourteenth Amendment prohibited the defendant from substantially interfering with the plaintiff's right to be involved in his child's education without affording him an opportunity to defend himself against the defendant's accusations, to have advance notice of the intention to infringe upon his rights, and the opportunity to have a neutral decision-maker resolve the dispute. [Connecticut Dept. of Public Safety v. Doe, 538 U.S. 1, 123 S. Ct. 1160, 1165 (2003); Cleveland Board of Education v. Loudermill, 470 U.S. 532, 538 (1985); Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 164 (1951) (Frankfurter, J., concurring); Todaro v. Norat, 112 F.3d 598 (2nd Cir. 1997); Miner v. City of Glens Falls, 999 F.2d 655 (2d Cir. 1993); Wainscott v. Henry, 315 F.3d 844, 852 (7th Cir. 2003); Ryan v. Illinois Dept. of Children and Family Services, 185 F.3d 751, 762 (7th Cir. 1999); Levenstein v. Salafsky, 164 F.3d 345, 352 (7th Cir. 1998); Ciechon v. City of Chicago, 686 F.2d 511, 517 (7th Cir. 1982).]

 5. Mr. Johnson alleges that the defendant banned him from attending

sporting events at the school and had him forcibly removed from a basketball game conducted at the Mohegan Sun.  Mr. Johnson had a constitutional right to peacefully attend all of those games.  If the defendant banned him from basketball games or other athletic events at the school, or caused him to be removed from the game at Mohegan Sun, the defendant is responsible for violating the plaintiff's First Amendment right of peaceful assembly. [Johnson v. Perry, 859 F.3d 156, 175-77 (2nd Cir. 2017).]

      6.  Mr. Johnson alleges that the actions of the defendant violated the Connecticut state law rule that prohibits any individual, whether a public official or not, from intentionally inflicting severe emotional distress upon another.  The necessary elements of this cause of action, which the plaintiff must prove by a fair preponderance of the evidence, are: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard for a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." [Hanly v. Powell Goldstein, L.L.P., 290 Fed. Appx. 435, 440 (2nd Cir. 2008).]

      7.  If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages.  Compensatory

damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant.  Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    8.  You may also decide whether the plaintiff is entitled to the award of

any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1)  Willful or malicious violation of the plaintiff's rights;

    2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990); Bhatia v. Debek, 287 Conn. 397, 420, 948 A.2d 1009 (2008); Coster v. Duquette, 119 Conn. App. 827, 833-34 (2010); Collins v. New Canaan Water Co., 155 Conn. 477, 489-90, 234 A.2d 825 (1967);

Venturi v. Savitt, Inc., 191 Conn. 588, 592, 468 A.2d 933 (1983); West Haven v. Hartford Ins. Co., 221 Conn. 149, 160, 602 A.2d 988 (1992); Berry v. Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1992).]

      9.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case.  [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

**(9)  PROPOSED VERDICT FORM**

      1.  Did the defendant violate the plaintiff's First Amendment right to peaceful assembly by prohibiting him from attending athletic events at the school?

          Yes_____          No_____

2.  If your answer is "yes," what amount of compensatory damages do you award the plaintiff for this violation of his rights?

$_____

3.  If your answer is "yes," what amount of punitive damages, if any, do you award the plaintiff for this violation of his rights?

$_____

4.  Did the defendant violate the plaintiff's First Amendment right of peaceful assembly by causing him to be removed from a basketball game at the Mohegan Sun?

Yes_____          No_____

5.  If your answer is "yes," what amount of compensatory damages do you award the plaintiff for this violation of his rights?

$_____

6.  If your answer is "yes," what amount of punitive damages, if any, do you award the plaintiff for this violation of his rights?

$_____

7.  Did the defendant violate the plaintiff's due process rights by banning him from participating in meaningful aspects of his child's education without affording him his right to due process of law before doing so?

Yes_____          No_____

8. If your answer is "yes," what amount of compensatory damages do you award the plaintiff for this violation of his rights?

$_____

9. If your answer is "yes," what amount of punitive damages, if any, do you award the plaintiff for this violation of his rights?

$_____

10. Was the defendant's conduct extreme and outrageous?

Yes_____        No_____

11. If your answer is "yes," did the defendant knowingly or recklessly disregard a reasonable probility that his actions would cause the plaintiff to suffer emotional distress?

Yes_____        No_____

12. If your answer is "yes," did the plaintiff suffer severe emotional distress as a result of the defendant's conduct?

Yes_____        No_____

13. If your answer is "yes," what amount of compensatory damages do you award the plaintiff for the violation of his state law rights?

$_____

14. If you have awarded the plaintiff compensatory damages in response to Question 13, do you also award the plaintiff punitive damages for the violation

of his state law rights?

        Yes_____        No_____

[If you have answered "yes" to Question 14, the court will determine at a later time the amount of punitive damages to be awarded for violation of the plaintiff's state law rights.]

        THE PLAINTIFF

        BY:_____/s/_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax:  203.776.9494
        jrw@johnrwilliams.com

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        _____/s/_____
        JOHN R. WILLIAMS